Wm. M. Hibbard *v.* W. S. Watson, et al.

**Invalid Execution—Constable Not Bound to Return an Invalid Execution.**
> There is no liability on a constable's bond for failing to return an invalid execution.

**Election of Causes.**
> It is error for the court to require a plaintiff to elect which of the causes of action set forth in his petition he will prosecute.

**APPEAL FROM BALLARD CIRCUIT COURT.**

April 2, 1875.

Opinion by Judge Cofer:

The record of the case in which the execution against Woolfork issued, shows that no judgment was ever rendered in that case, and consequently that the original execution was void; and it results that the replevy bond taken under it was, at any rate, invalid as a statutory bond, and no execution could lawfully issue upon it. As the execution placed in the hands of Watson issued on that bond, and was consequently invalid, the failure to return it did not subject the constable or his sureties to the statutory liability imposed on constables for failing to return executions.

When ruled to elect which of the causes of action set forth in the petition as amended he would prosecute, the appellant elected to proceed for the failure to return the execution, and from that time forward, that was the only cause of action in the petition; and as it

was sufficiently answered by the allegation that the execution was invalid, and the answer was sustained by the record, the petition as to that branch of the case was properly dismissed.

But the appellant excepted to the order requiring him to elect which of the causes of action he would prosecute, and the judgment should be reversed if the rule to elect was improperly made.

Both causes of action arose out of alleged violations of Watson's bond, and we are unable to discover any reason why they could not be united in the same petition. A recovery upon one would be a satisfaction of the other; but on the face of the petition both were good, and neither should have been stricken out; but the plaintiff should have been allowed to go to trial on both, and to prove both if he could, and recover the highest amount to which he would be entitled on either cause of action made out by the evidence; and if he failed to prove more than one cause of action, he should have been allowed to recover on that.

The order requiring the appellant to elect which of the causes of action he would prosecute, is *reversed,* and the cause is remanded for a new trial upon the cause of action set up in the amended petition.

*W. P. Bishop, for appellant.　E. I. Bullock, for appellees.*